[ECF No. 61]

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| **STOYAN KOLEV, et al.,** | |
| **Plaintiffs,** | |
| v. | **Case No. 21-15107 (JHR/EAP)** |
| **NATIONAL FREIGHT, INC., et al.,** | |
| **Defendants.** | |

## <u>OPINION</u>

This matter comes before the Court by way of Plaintiffs' Motion to Amend the Complaint. ECF No. 61 ("Pls.' Motion"). Defendants oppose the motion. ECF No. 66 ("Defs.' Opp."). Plaintiffs then filed a reply. ECF No. 67 ("Pls.' Reply"). After a discovery dispute hearing on February 23, 2024, the Court ordered supplemental briefing on the motion, *see* ECF No. 70 (Order), ¶ 1, which the parties timely filed, *see* ECF Nos. 71, 74, 75, 76, 77. The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the following reasons, Plaintiff's motion is **DENIED**.

## <u>FACTUAL AND PROCEDURAL HISTORY</u>

As the Court writes primarily for the parties, the Court only recites the relevant facts and procedural history necessary to decide the motion. This is a putative class action involving Illinois-based owner-operator delivery drivers who contracted with Defendants National Freight, Inc. and NFI Interactive Logistics, LLC (collectively, "NFI") to provide transportation-related services. *See* ECF No. 1 (Compl.), ¶ 1. Plaintiffs allege that Defendants misclassified them as independent contractors rather than employees. *See id.*

On August 10, 2021, Plaintiffs filed their Complaint initiating this matter.  *See* Compl.  On October 18, 2021, Defendants responded to the Complaint by filing a motion to dismiss.  *See* ECF No. 22.  The Honorable Joseph H. Rodriguez, U.S.D.J. granted Defendants' motion in part and denied it in part in an April 20, 2023 Opinion and Order.  *See* ECF Nos. 44, 45.  This case then proceeded into discovery.  *See* ECF No. 51 (Scheduling Order).

The Court's initial scheduling order set the deadline for amendments to the pleadings as September 1, 2023.  *Id.* ¶ 7.  On October 19, 2023, the Court held a status conference with the parties, during which the Court extended various discovery deadlines.  *See* ECF No. 60 (Amended Scheduling Order).  Notably, no party requested an extension of the deadline to amend the pleadings, which had expired on September 1, 2023.  *See id.*

On January 17, 2024, over four months after the deadline to amend the pleadings had passed, Plaintiffs filed the present motion for leave to file an amended complaint.  *See* Pls.' Motion.  Plaintiffs seek to add two named Plaintiffs: Reynaldo Carpio and Peter Escobedo.  *See* ECF No. 62-2 (Proposed Amended Complaint ("PAC")), ¶¶ 12-13.  Plaintiffs also seek to amend the class definition as follows: "All individuals who were classified as independent contractors while performing delivery services on behalf of Defendants ~~for Target, Starbucks, or Steinmart stores~~ anywhere in Illinois during the applicable limitations period. (the 'Class')."  *Id.* ¶ 41 (strikethrough in original).

On February 6, 2024, Defendants filed opposition.  *See* Defs.' Opp.  On February 13, 2024, Plaintiffs filed their reply brief.  *See* Pls.' Reply.[1]

---

[1]  Defendants filed a letter motion requesting leave to file a sur-reply, *see* ECF No. 68, which the Court hereby **GRANTS**.  The Court has considered the sur-reply filed as Exhibit A to Defendants' letter motion, ECF No. 68-1 ("Defs.' Sur-Reply").

On February 23, 2024, the Court held a discovery dispute conference, at which Defendants raised "one issue related to the motion to amend that's come to the surface . . . post-briefing." ECF No. 69 (Minute Entry); ECF No. 73 ("Hearing Tr.") at 55:16-57:2. Defendants alerted the Court that joining one of the proposed named Plaintiffs, Peter Escobedo—a Texas citizen—would destroy diversity jurisdiction. *See* PAC ¶ 13; ECF No. 71 at 1; ECF No. 73, Hearing Tr. at 55:21-56:5. In a similar matter brought by Plaintiffs' counsel, *Lopez, et al. v. National Freight, Inc., et al.*, 3:22-cv-01844-S, ECF No. 68 (N.D. Tex. Feb. 8, 2024), Defendants had recently "disclosed that one of the trusts that is a partner of the limited partnership that is the sole member of NFI Interactive Logistics, LLC is a citizen of Texas." ECF No. 71 at 1; ECF No. 74 at 1. The Court ordered Plaintiffs to submit supplemental briefing summarizing their position on the jurisdictional issue and its impact on the present motion. ECF No. 70, ¶ 1.

On March 1, 2024, Plaintiffs filed their supplemental letter. *See* ECF No. 71. The Court then ordered Defendants to respond to Plaintiffs' letter, *see* ECF No. 72, which Defendants did on March 11, 2024, *see* ECF No. 74. Plaintiffs filed a supplemental letter reply on March 14, 2024, *see* ECF No. 75, and another supplemental letter reply with exhibits on March 25, 2024, *see* ECF No. 76. Defendants submitted a supplemental sur-reply letter to Plaintiffs' submissions on March 25, 2024. *See* ECF No. 77. Having been fully briefed, Plaintiffs' motion is now ripe for disposition.

**DISCUSSION**

Before the Court can consider the propriety of Plaintiffs' proposed amendment under Federal Rule of Civil Procedure 15, it must first determine whether Plaintiffs have satisfied the requirements of Federal Rule of Civil Procedure 16. The Court notes that no party disputes that

Plaintiffs' motion to amend the complaint is untimely under the Court's initial scheduling order. *See* ECF No. 51, ¶ 7.

1.    **Rule 16**

Federal Rule of Civil Procedure 16(b)(4) governs modifications of a court's scheduling order.[2]  The rule requires the party seeking relief to establish "good cause" for the modification. Fed. R. Civ. P. 16(b)(4).  The focus of the good cause analysis is on the diligence of the party seeking the amendment.  *Nike, Inc. v. E. Ports Custom Brokers, Inc.*, No. 11-4390, 2019 WL 5206073, at *3 (D.N.J. Oct. 16, 2019).  Good cause may be established when "the deadlines set forth in the scheduling order 'cannot reasonably be met despite the diligence of the party seeking the extension.'"  *Faiella v. Sunbelt Rentals, Inc.*, 341 F.R.D. 553, 558 (D.N.J. 2022) (quoting *Williams v. Sullivan*, No. 08-1210, 2011 WL 2119095, at *4 (D.N.J. May 20, 2011)); *see also Bds. of Trs. of Int'l Union of Operating Eng'rs Loc. 825 Pension Fund v. Del. Valley Crane Rental, Inc.*, No. 17-8567, 2023 WL 8295224, at *2 (D.N.J. Dec. 1, 2023) (citations omitted) ("Put succinctly, absent diligence, there is no good cause.").  Good cause may also be established when the party seeking the extension demonstrates that its failure to comply with the scheduling order was "due to mistake, excusable neglect, or any other factor which might understandably account for counsel's failure to comply." *Bds. of Trs.*, 2023 WL 8295224, at *2 (citation omitted); *see also Faiella*, 341 F.R.D. at 558-59 (quoting *Newton v. Dana Corp. Par. Div.*, No. 94-4958, 1995 WL 368172, at *1 (E.D. Pa. June 21, 1995)).  The burden is on the moving party to demonstrate good cause.  *Nike, Inc.*, 2019 WL 5206073, at *3 (citations omitted).

---

[2]  Under Federal Rule of Civil Procedure 16(b)(3), the Court's scheduling orders must, among other things, set a deadline "to join other parties" and  "amend the pleadings."

"The 'good cause' standard is not a low threshold." *J.G. v. C.M.*, No. 11-2887, 2014 WL 1652793, at *1 (D.N.J. Apr. 23, 2014). "Rule 16 vests the Court with broad discretion to control and manage discovery." *Cevdet Aksut Ogullari Koll, STI v. Cavusoglu*, No. 14-3362, 2017 WL 3013257, at *4 (D.N.J. July 14, 2017) (citation omitted). "The intent and spirit of Rule 16 is to allow courts to actively manage the timetable of case preparation so as to expedite the speedy disposition of cases." *Newton v. A.C. & Sons, Inc.*, 918 F.2d 1121, 1126 (3d Cir. 1990); *see also Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 469 (D.N.J. 1990) ("The careful scheme of reasonable framing and enforcement of scheduling orders for case management would thus be nullified if a party could inject amended pleadings upon a showing of less than good cause after scheduling deadlines have expired.").

Plaintiffs do not address Rule 16's good cause standard in their moving brief. *See generally* ECF No. 62 ("Pls.' Br."). Defendants argue that this deficiency alone is a sufficient basis to deny Plaintiffs' motion. *See* Defs.' Opp. at 9. Nevertheless, Defendants argue that Plaintiffs have failed to establish diligence in seeking the amendment. *Id.* at 12-13. More specifically, Defendants argue that in November 2022, Defendants objected to Plaintiffs' discovery, including an objection to Plaintiffs' discovery requests seeking information for owner-operators who did not make deliveries to Target, Starbucks or Steinmart stores. *Id.* at 5. Defendants objected because those drivers were outside of the putative class as pled in the Complaint. *Id.* And in July 2023, NFI served its amended discovery responses and reasserted its objection to discovery for owner-operators who did not make deliveries to Target, Starbucks or Steinmart stores. *Id.* at 6. Defendants argue that despite the September 1, 2023 deadline to amend the pleadings, Plaintiffs did not file their motion until January 17, 2024, 14 months after becoming aware of the parties'

dispute as to the scope of the putative class, and over four months after the time to amend expired. *See id.* at 12-13.

In reply, Plaintiffs first argue that the putative class definition already encompasses all drivers in Illinois. Pls.' Reply at 4. Notwithstanding, Plaintiffs argue that when they file their future class certification motion, the Court is more likely to grant the motion where the Complaint names Plaintiffs who represent the entire class. *Id.* at 6. According to Plaintiffs, the two new proposed Plaintiffs, who recently retained Plaintiffs' counsel, "strengthen Plaintiffs' position that a statewide class of drivers is appropriate." *Id.* at 4. And because the new proposed Plaintiffs did not sign retainer agreements with Plaintiffs' counsel until November 22, 2023, and January 5, 2024, respectively, Plaintiffs could not have filed their motion any sooner. *Id.* at 5. In fact, Plaintiffs argue that they promptly filed their motion thereafter. *Id.* at 2.

The Court finds that Plaintiffs have failed to establish good cause. First, the Court is persuaded that Plaintiffs were on notice of the dispute surrounding the scope of the putative class as early as November 2022. Plaintiffs do not dispute this fact in their papers. Moreover, at the initial scheduling conference in May 2023, the Court set a deadline of September 1, 2023 for motions to amend the pleadings. ECF No. 51, ¶ 7. Plaintiffs failed to raise any dispute concerning the scope of the class at that time. As discovery progressed, Plaintiffs also could have filed a letter with the Court requesting an extension of the deadline before it expired, but they did not.[3] Finally, at the October 19, 2023 status conference, Plaintiffs could have asked the Court to extend the deadline for amendments to the pleadings, but once again, they did not. This history simply does not establish that Plaintiffs failed to timely comply with the scheduling order because of mistake,

---

[3]   The Court notes that the Initial Scheduling Order directed the parties that "[a]ny application for an extension of time beyond the deadlines set herein shall be made prior to expiration of the period sought to be extended." ECF No. 51, ¶ 14.

excusable neglect, or any other reasonable factor. *See Ortiz v. Stevenson*, No. 21-17066, 2023 WL 6619674, at *3 (D.N.J. Oct. 11, 2023) (denying motion to amend where the plaintiff "could have easily sought to extend the [a]mendment [d]eadline" during conferences conducted by the court but did not).

Further, the Court finds Plaintiffs' argument concerning the late addition of the two proposed Plaintiffs unavailing. In Plaintiffs' moving brief, they state that the purpose of this motion is to address a "dispute as to the breadth of Plaintiffs' class allegations." Pls.' Br. at 5. However, in their reply, Plaintiffs argue that as soon as the new proposed Plaintiffs retained them as counsel, they diligently moved to amend. *Id.* at 2. The date that the new proposed Plaintiffs retained counsel is wholly irrelevant to resolving the diligence question. A motion to clarify the scope of the putative class could have been brought as early as a year ago, with or without the new proposed Plaintiffs. Although adding the proposed Plaintiffs could later be potentially advantageous on a class certification motion, that has no bearing on the timeliness of the present motion. Simply put, the additional class representatives were not necessary to revisit the scope of the putative class.

Based on this record, the Court finds that Plaintiffs have not met their burden to establish the necessary diligence for a finding of good cause. For this reason, the Court **DENIES** Plaintiffs' Motion to Amend the Complaint. However, for completeness, the Court will address Plaintiffs' arguments for leave to amend under Rule 15.

## 2.    Rule 15

Federal Rule of Civil Procedure 15(a) governs amendments to pleadings before trial. A party may amend its pleading once as a matter of course within either 21 days after serving it; or if the pleading is one to which a responsive pleading is required, the earlier of 21 days after service

7

of a responsive pleading or 21 days after a motion under Rule 12(b), (e), or (f).  Fed. R. Civ. P. 15(a)(1).  If those deadlines have expired, a party may amend its pleading only with the opposing party's written consent or the court's leave.  Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires."  *Id*.  The Court may deny a motion for leave to amend in one of four instances: (1) the amendment would be futile; (2) the moving party has demonstrated undue delay, bad faith, or dilatory motives; (3) the amendment would prejudice the non-moving party; or (4) the moving party was put on notice of deficiencies in its pleading but chose not to resolve them. *U.S. ex rel. Schumann v. AstraZeneca Pharms. L.P.,* 769 F.3d 837, 849 (3d Cir. 2014).  Ultimately, the decision of whether to grant leave to amend lies within the sound discretion of the Court.  *Arab Afr. Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).  Here, Defendants oppose Plaintiffs' motion on the grounds of futility, prejudice, and undue delay.

### A. Futility

Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted.  *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).  Generally, the futility of an amended complaint is governed by the same standards of legal sufficiency as a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  *Travelers Indem. Co. v. Dammann & Co.*, 594 F.3d 238, 243 (3d Cir. 2010).  Under these standards, a court must accept all factual allegations in a proposed amended complaint as true and view them in the light most favorable to the plaintiff.  *Doe v. Princeton Univ.*, 30 F.4th 335, 340 (3d Cir. 2022).  Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).  Moreover, a complaint must contain sufficient factual matter to state a claim to relief

that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.

"A proposed claim is also futile if the court lacks subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1)."  *United States v. Sensient Colors, Inc.*, No. 07-1275, 2009 WL 394317, at *3 (D.N.J. Feb. 13, 2009), *aff'd*, 649 F. Supp. 2d 309 (D.N.J. 2009).  Accordingly, "it is futile for a court to grant a motion to amend a pleading if, after filing, the court must dismiss the amended pleading for lack of jurisdiction."  *Id.*; *cf. Gordon v. Dailey*, No. 14-7495, 2017 WL 1181577, at *1 (D.N.J. Mar. 30, 2017) (granting leave to amend because "diversity jurisdiction is present and, therefore, . . . such an amendment is not futile").  Moreover, the Court "has a continuing duty to examine its subject matter jurisdiction and must raise the issue *sua sponte* when it comes into doubt."  *Bronner v. Duggan*, 324 F.R.D. 285, 294 (D.D.C. 2018); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press.").

Plaintiffs' proposed amended complaint invokes two bases for the Court's jurisdiction: complete diversity, *see* 28 U.S.C. § 1332(a), and the Class Action Fairness Act of 2005 ("CAFA"), *see* 28 U.S.C. § 1332(d).  The Court separately addresses these jurisdictional grounds below.

1.  Complete Diversity

Plaintiffs first invoke this Court's jurisdiction based on complete diversity of citizenship between the parties.  *See* PAC ¶ 15.  Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  In addition, "the citizenship of

partnerships and other unincorporated associations is determined by the citizenship of its partners or members.  Accordingly, the citizenship of an LLC is determined by the citizenship of its members."  *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) (internal citation omitted).  Here, Plaintiffs seek to add a named Plaintiff who is a citizen of Texas.  *See* PAC ¶ 13.  Plaintiffs do not dispute Defendants' representation that NFI's sole member is a limited partnership, and one of those partners is a trust, and one of those trustees is a Texas citizen.  *See* ECF Nos. 71 at 1, 74 at 1. The parties also do not dispute that the proposed amended complaint would destroy the complete diversity of the parties. *See id*.  Accordingly, the Court concludes that the proposed amended complaint destroys complete diversity.

2.  CAFA

Plaintiffs also assert federal jurisdiction under CAFA.  *See* PAC ¶ 15.  "CAFA confers on district courts original jurisdiction where: (1) the amount in controversy exceeds $5,000,000, as aggregated across all individual claims; (2) there are minimally diverse parties; and (3) the class consists of at least 100 or more members."  *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 358 n.1 (3d Cir. 2015) (citing 28 U.S.C. § 1332(d)(2), (5)(B), (6); *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013)).  As relevant here, "the term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D).

To determine whether the CAFA jurisdictional requirements are satisfied, the Court evaluates the jurisdictional facts on the face of the complaint.  *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 500 (3d Cir. 2014); *Faltaous v. Johnson & Johnson*, No. 07-1572, 2007 WL 3256833, at *8 (D.N.J. Nov. 5, 2007) ("The complaint is the seminal document in a [CAFA] jurisdiction analysis."); *see Jackson v. Alpharma Inc.*, No. 07-3250, 2008 WL 508664, at *3-4

(D.N.J. Feb. 21, 2008) (declining to consider evidence outside of the operative complaint when evaluating CAFA jurisdiction).  In such a facial attack, "the Court considers whether the [pleading] plausibly alleges each of the three necessary elements for jurisdiction under CAFA."  *Clark v. Samsung Elecs. Am., Inc.*, No. 20-12969, 2021 WL 303011, at *4 (D.N.J. Jan. 29, 2021).

> In the proposed amended complaint, Plaintiffs plead CAFA jurisdiction as follows:
>
> > The putative class consists of at least 50 proposed class members.  The citizenship of at least one member of the proposed Class is diverse from that of at least one Defendant, as each of the Plaintiffs are residents of different states than that of NFI. Upon information and belief, the amount in controversy in this action exceeds $5,000,000.

PAC ¶ 15.  Plaintiffs have properly plead the first two prongs, but they miss the mark on the third prong.  *See* 28 U.S.C. § 1332(d)(2), (5)(B) (requiring a class of 100 or more members).  The Court finds that Plaintiffs have failed to properly plead CAFA jurisdiction on the face of the proposed amended complaint.

Because granting Plaintiffs' motion would destroy diversity jurisdiction, and the face of the proposed amended complaint does not establish CAFA jurisdiction, the Court concludes that Plaintiffs' motion to amend the complaint is futile because if granted, it would divest the Court of subject matter jurisdiction.  *See Sensient Colors, Inc.*, 2009 WL 394317, at *3.

## B.  Prejudice

"It is well-settled that prejudice to the non-moving party is the touchstone for the denial of an amendment."  *Cornell & Co. v. Occupational Safety & Health Rev. Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978) (citations omitted).  "In evaluating the extent of prejudice, courts may inquire into the hardship to the non-moving party if leave to amend is denied."  *Id*. at 824 (citations omitted).  Courts specifically consider whether an amended pleading would result in additional discovery, cost, or preparation to defend against new facts or theories.  *Cureton v. Nat'l Collegiate*

*Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).  Merely "incidental prejudice" is an insufficient ground on which to deny leave to amend.  *In re Caterpillar Inc.*, 67 F. Supp. 3d 663, 668 (D.N.J. 2014).

Here, Plaintiffs argue that Defendants will not be prejudiced because only limited discovery has been completed and because "the proposed amendment does not involve a change of legal theories."  Pls.' Br. at 7 (quoting *Glen Ridge SurgiCenter, LLC v. Horizon Blue Cross & Blue Shield of N.J.*, No. 08-6160, 2011 WL 5881924, at * 6 (D.N.J. Sept. 16, 2011)).  Defendants respond that they will be prejudiced for three reasons.  First, the proposed amendment will require additional costly and burdensome discovery; Defendants argue that the proposed pleading transforms a "relatively narrow class" into a "state-wide class" that will require Defendants to "track down reams of documents and information, potentially dating back 13 years," significantly increasing "NFI's legal costs."  Defs.' Opp. at 15-16.  Second, granting Plaintiffs' motion will require the Court to reopen discovery, which will have closed on March 31, 2024.[4]  *Id.* at 19.  And third, granting Plaintiffs' motion will introduce new factual and legal issues into the case by changing the scope of the class, "requir[ing Defendants] to change course in [their] litigation strategy."  *Id.* at 20-21.  Plaintiffs do not address any of these arguments in their reply brief.  *See generally* Pls.' Reply.

On this point, the Court finds the holding in *Smart Pharmacy, Inc. v. Medco Health Solutions, Inc.*, No. 11-6485, 2014 WL 3735344 (D.N.J. July 29, 2014) instructive.  There, the plaintiff moved to amend the putative class action complaint to "clarify[] the class definitions" more than two years after filing the operative complaint but before the close of discovery.  *Id.* at

---

[4] The Court has since extended the fact discovery deadline to September 2024 for limited purposes.  *See* ECF No. 90.

*4.  The court concluded that the proposed amendment would unduly prejudice the defendants because the litigation had proceeded under the original class definition for two years, and the defendant would be prejudiced by "expanded class-based discovery and extended deadlines."  *Id.*

Here, as in *Smart Pharmacy*, an expansion of the putative class from one limited to specific retailers to a state-wide class would undoubtedly result in additional discovery, costs, and preparation to defend against new facts or theories.  *See Cureton*, 252 F.3d at 273.  Defendants have been operating for the entirety of this litigation with an understanding that the putative class is limited to specific retailers.  The Court finds that Defendants would be unduly prejudiced if the Court allowed Plaintiffs to amend their complaint at this late date to infuse new facts and legal theories into the litigation.

### C.  Undue Delay

"The mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay.  In fact, delay alone is an insufficient ground to deny leave to amend." *Cureton*, 252 F.3d at 273.  A delay becomes undue only when it places an "unwarranted burden on the court."  *Id.*; *see also Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017) ("[D]elay that is 'undue'—a delay that is protracted and unjustified—can place a burden on the court or counterparty, or can indicate a lack of diligence sufficient to justify a discretionary denial of leave.").  The undue delay inquiry necessarily includes consideration of the Court's "[i]nterests in judicial economy and finality," as well as a "focus on the movant's reasons for not amending sooner."  *USX Corp. v. Barnhart*, 395 F.3d 161, 168 (3d Cir. 2004).  "Significantly, '[d]elay may become undue when a movant has had previous opportunities to amend a complaint.'"  *Id.* (quoting *Cureton*, 252 F.3d at 273).

Here, Plaintiffs argue there is no undue delay because "the parties are still in the process of discovery." Pls.' Br. at 6. Defendants counter that the delay here is undue because "Plaintiffs knew the facts on which they base their proposed amendment . . . for over one year" before they filed the present motion. Defs.' Opp. at 21. In reply, Plaintiffs argue that they could not have brought their motion sooner because the new proposed Plaintiffs had not yet retained Plaintiffs' counsel. Pls.' Reply at 2. In addition, Plaintiffs contend that any delay in the proceedings can be attributed to the Court's consideration of Defendants' motion to dismiss and mediation efforts. *Id.* at 7-8. In Defendants' sur-reply, they reiterate that Plaintiffs were late in seeking leave to amend to resolve the dispute over the scope of the putative class, when Plaintiffs were well aware of this dispute for over a year. Defs.' Sur-Reply at 1. They also note that after Defendants' motion to dismiss was decided in April 2023, Plaintiffs could have moved to amend before the deadline passed or sought an extension of the deadline to do so but failed on both counts. *Id.* at 3.

When focusing on Plaintiffs' reasons for not moving to amend sooner, the Court finds that Plaintiffs' delay in bringing this motion is undue. While this case many have been delayed for reasons outside of Plaintiffs' control (i.e., resolution of a dispositive motion, mediation), the fact remains that Plaintiffs cannot adequately justify its delay. Fact discovery has been ongoing for fifteen months and is wrapping up. Plaintiffs had multiple opportunities to bring this dispute to the Court's attention with a proposed  amended pleading but failed to do so. Accordingly, the Court finds that the more than one year delay in bringing the present motion is entirely undue.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion for Leave to File an Amended Complaint is

**DENIED**.[5]  An appropriate Order follows.


s/Elizabeth A. Pascal
ELIZABETH A. PASCAL
United States Magistrate Judge


cc:  Hon. Joseph H. Rodriguez, U.S.D.J.

---

[5] In their reply, Plaintiffs also argue that "[h]owever the Court rules on this motion, the end result would likely be the same," because—should the Court deny Plaintiffs' motion—they will "simply file a separate class action complaint asserting a statewide class of Illinois drivers." Pls.' Reply at 1-2, 5.  Plaintiffs posit that the new case would likely be consolidated with this one under Local Rule 42.1.  *Id.*  The Court notes that this argument is immaterial to its analysis.  First, as Defendants observe, "potential consolidation cannot excuse non-compliance with Rule 15 and 16." Defs.' Sur-Reply at 4.  And even if consolidation occurred in the future, it would not lead to the same outcome as if the Court granted Plaintiffs' present motion.  To be sure, there would be different discovery needs in each case and most likely separate trials.  Plaintiffs' appeals to efficiency do not carry the day.